Lauerman Bros. Co. v. National Surety Co. 164 Wis. 357.

---

LAUERMAN BROTHERS COMPANY, Respondent, vs. NATIONAL SURETY COMPANY, Appellant.

*September 12—December 5, 1916.*

*Principal and surety: Agreement to pay debts.*

A finding by the jury that the defendant surety company promised to assume and pay the debts of one R. upon conveyance to it of all his property to protect it on its liability on its bond as surety, is *held* to be sustained by the evidence.

APPEAL from a judgment of the circuit court for Marinette county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

Action upon a promissory note executed and delivered to the plaintiff February 6, 1909, by one H. L. Roe. The complaint charges that in consideration of the transfer by said Roe of all his property to the defendant it agreed to pay all debts of Roe and that upon learning of said agreement plaintiff accepted the same. Roe was town treasurer and the de-

fendant was surety on his bond.   The jury by a special verdict found that the defendant promised Roe that if he transferred all his property to it, to protect it on its liability on its bond as surety, it would assume and pay all his debts and obligations.   Judgment in favor of plaintiff was entered upon such verdict and the defendant appealed.

*Henry T. Scudder,* for the appellant.

*P. A. Martineau,* for the respondent.

The following opinion was filed October 3, 1916:

VINJE, J.   The only question litigated upon the trial was whether or not the defendant made the promise to pay Roe's debts upon the conveyance to it of his property to indemnify it against loss on its surety bond.   Defendant's counsel makes the claim on appeal that the agreement was for an absolute conveyance, and that since no such conveyance was made defendant is not liable.   The evidence does not sustain such claim.   Mr. Roe and his attorney, Mr. Walsh, who made the agreement with the defendant, both testify that the conveyance was for the purpose of protecting the defendant against loss on its bond; and Mr. Chaflin, who made the agreement on behalf of defendant, testified in answer to the question, "You got all the property and the ownership of all that property?"   "Yes, to be held in trust until he could pay us."   In another place he states: "The difference between the testimony of Mr. Roe and Mr. Walsh and myself is that I deny that we promised to pay the debts."   There was no issue made by the pleadings on the question of absolute conveyance and none by the evidence.   As before stated, the only litigated fact was whether or not defendant promised to pay Roe's debts.   Upon this question the evidence was conflicting.   Roe and Walsh testify that such a promise was made and Chaflin denied it.   Such being the state of the evidence, the finding of the jury, sustained by the trial court, cannot be set aside.

The claim that all of Roe's property was not conveyed is not sustained by the evidence. Roe testifies that it was all conveyed and Chaflin admits it in the testimony quoted above, and the court so found. The other assignments of error as to the admission or rejection of evidence are not deemed of sufficient importance to merit treatment. The real litigated question having been found against the defendant upon sufficient testimony to sustain the finding, the trial court properly awarded judgment to plaintiff.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $10 costs, on December 5, 1916.